UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brent Unroe, et. al.,
    Plaintiffs

  vs                                     Case No. C-1-04-181
                                          (Spiegel, J.)
Board of Education,                  (Hogan, M.J.)
Rock Hill Local School District
    Defendant

## ORDER

This matter is before the Court on the Motion of Plaintiff's for Order Compelling Deponent Sue Yount, Esq., to Appear for Deposition and to Produce Records (Doc. 45), Defendants' Memorandum in Opposition to Motion of Plaintiffs for Order Compelling Deponent Sue Yount, Esq., to Appear for Deposition and to Produce Records (Doc. 48), and Plaintiffs' Reply thereto (Doc. 49).

Plaintiff seeks to take the deposition of Sue Yount, Esq., counsel for Defendant Board of Education relating to any conversations she had with Lloyd Evans, Superintendent of Rock Hill School District, "regarding the issue of releasing the privileged hearing testimony to the public." Defendants object on the grounds that such communications between Mr. Evans and Ms. Yount are privileged.

### BACKGROUND

Plaintiffs have brought this action against Defendants under 42 U.S.C. § 1983, and 42 U.S.C.§ 1981, alleging that they were subjected to, inter alia, retaliation because of concerns which they brought to the school administration's attention regarding the treatment of disabled and African-American children in the school

system. (Doc. 7, Amended Complaint). Plaintiffs claim that, as part of a pattern of retaliation, Defendants made false charges of child abuse against Plaintiff Brent Unroe. Plaintiffs contend that Plaintiff Brent Unroe was subsequently terminated from his employment by the Board of Education upon the recommendation of Defendant Evans following "a 'Loudermill' hearing conducted pursuant to O.R.C. § 3319.16 in executive session." (Doc. 45, at p. 2). Plaintiffs claim that, under § 3319.16, all testimony at such a hearing is confidential, unless the teacher requests a public session, a request which was not made by Plaintiff. Plaintiffs allege that, in May of 2003, Defendant Evans made statements to the press in which he claimed that Plaintiff Brent Unroe had admitted to child abuse. In his deposition, Defendant Evans testified that he made the statements which he believed were public record after consulting counsel.[1] Based on this testimony, Plaintiffs argue that Defendant Evans asserted an "advice of counsel" defense thus, waiving his attorney-client privilege. In contrast, Defendants argue that the Plaintiff's Grievance acknowledges that his discipline was imposed pursuant to Article 14 of the Collective Bargaining Agreement ("CBA"). Defendants further contend that the Notice of Hearing which Plaintiff Unroe received indicates that the hearing on Plaintiff's grievance was being conducted pursuant to Article 14 of the CBA. (Deposition of Brent Unroe., Exs. F, G). Defendants argue that Plaintiffs are barred from filing a federal lawsuit because Plaintiff Brent Unroe failed to follow through with arbitration as required under the terms of the CBA. As such, Defendants argue that Plaintiffs' discovery request is irrelevant and may ultimately be rendered moot upon disposition of their Motion for Summary Judgment.

## OPINION

The Federal Rules of Civil Procedure envision broad discovery of "any matter,

---

[1] Specifically, Defendant was asked:
    Q: Did you question anyone to ask them if it was appropriate for you to reveal what went on in the executive session before you issued this press release?
    A: Yes.
    Q. Who?
    A: Counsel.
    Q: And counsel told you it was okay?
    A: Yes.
    MR. SMITH: Objection to what counsel told you. Motion to strike. (Deposition of Lloyd Evans at 138-39).

not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1); *see also Hickman v. Taylor*, 329 U.S. 495 (1947). As indicated by Rule 26, it is immaterial whether the particular discovery request will produce admissible evidence. Discovery is usually permitted if it is at all possible that it will lead to admissible evidence. *Coleman v. American Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994).

The liberal application of this Rule, however, is constrained by the limitations imposed by the attorney-client privilege and the related work product doctrine. *Guy v. United Healthcare Corporation*, 154 F.R.D. 172 (S.D. Ohio 1993); *see also Upjohn Co. v. United States*, 449 U.S. 383 (1981); *Hickman,* 329 U.S. 495. The attorney-client privilege, where not waived, protects communications relating

> to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing primarily either an opinion of law or legal services, or assistance in some legal proceeding, and not for the purpose of committing a crime or a tort.

*United States v. United Shoe Machinery Corp.,* 89 F. Supp. 357, 358 (D. Mass. 1950); *see also Upjohn Co.*, 449 U.S. at 389. However, because the scope of discovery is generally broad, limitations placed upon the scope of discovery are typically looked upon with disfavor. *Allendale Mutual Insurance v. Bull Data Systems, Inc.*, 152 F.R.D. 132, 135 (N.D. Ill. 1993). As such, the attorney-client privilege is narrowly construed so as to limit its impact upon the discovery process. *In re Grand Jury Investigation No. 83-2-35,* 723 F.2d 447, 451 (6th Cir. 1983), *cert. denied*, 467 U.S. 1246 (1984). Accordingly, the party seeking the protection under the privilege has the burden of establishing the existence of that privilege. *Guy*, 154 F.R.D. at 177.

Plaintiffs' sole basis for arguing that Mr. Evans has waived the attorney-client privilege is their belief that Defendants are intending to argue that they publicized confidential information upon the advice of counsel. Defendants argue that such is not their position. Specifically, Defendants contend that Plaintiffs' argument incorrectly assumes that O.R.C. § 3319.16 was the remedy sought by Plaintiff Brent Unroe regarding his termination and that Defendants are admitting that they violated O.R.C. § 3319.16. Defendants argue that neither assumption is correct. Defendants contend that Plaintiff's grievance hearing was conducted in accordance with Article 14 of the CBA and because Plaintiff failed to arbitrate his termination, he is barred

3

from filing suit based on such in this Court. Moreover, Defendants contend that the deposition of Ms. Yount relates specifically to Count II of Plaintiff's Second Amended Complaint which states a cause of action under O.R.C. § 3319.16. Because, Defendants have filed a motion for summary judgment with respect to that Count as well as others, Defendants argue that it would be more appropriate to address Plaintiffs' discovery request after the disposition of their motions. We, however, find it unnecessary to await the disposition of Defendants' Motion for Summary Judgment before rendering a decision on this issue.

The existence of the attorney-client privilege is not disputed. Defendants, while not explicitly stating such, have intimated that they do not plan to raise an "advice of counsel" defense with respect to Defendant Evans' publication of allegedly confidential information in his press release. Thus, to the extent Plaintiffs seek to depose Ms. Yount solely with respect to this issue, their motion is denied, subject to renewal following resolution of the parties' motions for summary judgment. Should Defendants indicate an intention to raise an "advice of counsel" defense with respect to Defendant Evans' press release, the Court can consider the parties' arguments with respect to attorney-client privilege and its waiver at that time.

**IT IS THEREFORE ORDERED THAT**:

1) Plaintiffs' Motion to Compel (Doc. 45) be DENIED.


SO ORDERED.


Date:  11/18/2005            s/Timothy S. Hogan
                             Timothy S. Hogan
                             United States Magistrate Judge


J:\SMITHLE\DISCOVRY\Unroe.atty.mtc.wpd